# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 16-50861
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
March 13, 2017

Lyle W. Cayce
Clerk

————

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JACINTO CARLOS-BANUELOS, also known as Jacinto Banuelos, also known as Jacinto Carlos Banuelos, also known as Jacinto Carlos, also known as Jose Murillo-Hernandez, also known as Candy Casiano, also known as Jacinto Banuelos-Carlos, also known as Jacinto Carlo-Banuelos, also known as Jose Hernandez-Murillo, also known as Carlos Candy Casiano,

Defendant - Appellant

————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:15-CR-477-1

————

Before BARKSDALE, HAYNES, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Jacinto Carlos-Banuelos appeals the sentence for his conviction of being found in the United States without permission, following removal, in violation of 8 U.S.C. § 1326(a), (b)(2). He contends his 57-months' term of imprisonment,

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

imposed pursuant to the advisory Sentencing Guidelines, is substantively unreasonable because it is greater than necessary to achieve the sentencing goals of 18 U.S.C. § 3553(a).

Although post-*Booker*, the Sentencing Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 48–51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

As Carlos did not object to the reasonableness of his sentence in district court, review is only for plain error. *See United States v. Peltier*, 505 F.3d 389, 391–92 (5th Cir. 2007). And, his within-Guidelines sentence is subject to a presumption of reasonableness. *See United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008) (per curiam). When a district court imposes a within-Guidelines sentence, we infer it "has considered all the factors for a fair sentence". *United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005). (Noting a circuit split, Carlos asserts an objection to the reasonableness of his sentence was not required to preserve his contention for appeal. He also maintains the presumption of reasonableness should not apply because Guideline § 2L1.2 is not derived from empirical data. He concedes his contentions are foreclosed and presents them for possible future review. *See Peltier*, 505 F.3d at 391–92; *United States v. Duarte*, 569 F.3d 528, 529–31 (5th Cir. 2009); *United States v. Mondragon-Santiago*, 564 F.3d 357, 366–67 (5th Cir. 2009).)

No. 16-50861

Carlos contends his sentence is unreasonably long because Guideline § 2L1.2 lacks an empirical basis, as discussed above, and places too heavy an emphasis on a defendant's criminal history. Our court has rejected that argument. *See Duarte*, 569 F.3d at 529–31; *Mondragon-Santiago*, 564 F.3d at 366–67. Carlos also notes this is his first illegal-reentry offense, and claims if he returns to Mexico, he will have family support, a job, and a place to live. The court considered Carlos' offense, mitigation contentions, advisory Guidelines sentencing range, presentence investigation report, and criminal history. Carlos' disagreement with the court's weighing of the Guideline § 3553(a) factors is insufficient to rebut the above-discussed presumption of reasonableness. *See United States v. Ruiz,* 621 F.3d 390, 398 (5th Cir. 2010). He has not established the requisite plain (clear or obvious) error.

AFFIRMED.